UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LOUIS MICHEL                                                                                        PETITIONER

VERSUS                                                        CIVIL ACTION NO. 1:14CV339-LG-RHW

ROBERT TANNER et al                                                                         DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Louis Michel filed a petition for writ of habeas corpus challenging a detainer lodged against him by the Circuit Court of Pearl River County Mississippi.  Doc. [1] & [9].  Michel currently is incarcerated in the State of Louisiana.  He argues that the detainer in Mississippi has prevented him from obtaining work release or rehabilitation in the Louisiana Department of Corrections and that the detainer affects his parole eligibility.  As relief Michel requests (1) that the detainer be dismissed; (2) that the detainer be resolved in absentia with a sentence to run concurrent with sentences currently being served in Louisiana and with credit for time served; (3) that a video conference be scheduled with Pearl River County to have the detainer resolved; and/or (4) that Pearl River County deliver to him any and all documents relating to the detainer.  Doc. [9] at 2-3.

Michel is currently incarcerated at the Rayburn Correctional Center in Louisiana.  There is a detainer lodged against him in Pearl River County, Mississippi relating to burglary charges.  Doc. [9-6] at 2-4.  The record indicates that Michel has not yet been arrested on the burglary charges.  *Id.* at 2 & 8.  Michel originally filed his petition in the United States District Court for the Eastern District of Louisiana.  That court held that Michel's request for documents from the Mississippi authorities is not the proper subject of a petition for habeas corpus relief.  Doc. [4] &

[6]. However, the court held that Michel might have stated a cause of action under § 2241 challenging the validity of the Mississippi detainer. Doc. [6] at 4-6. The federal district court in Louisiana concluded that Mississippi would be the proper forum and ordered the case transferred to the appropriate United States District Court in Mississippi. Doc. [6]. Respondent subsequently filed the instant motion to dismiss. Doc. [12].

## Law and Analysis

Michel filed the instant petition pursuant to 28 U.S.C. § 2254, though at the time of filing he was a pretrial detainee with respect to the charges in Mississippi. Thus, his petition for federal habeas relief as to those charges are governed by 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The United States District Court for the Eastern District of Louisiana previously concluded that Michel's cause of action should be classified as arising under § 2241. Doc. [6] at 5-6.

To the extent that Michel sought, as a pre-trial detainee, to have the charges dismissed against him based on a speedy trial claim, this claim is without merit. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. By requesting that the detainer be dismissed, Michel in effect is requesting that the charges against him be dismissed. Michel's request to have charges dismissed against him based on a speedy trial claim is not attainable through federal habeas corpus. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th

2

Cir. 1976).

As alternative relief, Michel requests that he be tried in absentia with any sentence to run concurrent with his current prison sentence and credit for time served. Michel's request to be tried in absentia and his generous sentencing request should be directed to the State court and not a federal district court. Likewise, Michel's request for a video conference with Pearl River County to have the detainer resolved does not constitute a cognizable claim under § 2241. In essence Michel is seeking federal court intervention to resolve a state court matter without first exhausting state remedies. As the Fifth Circuit explained in *Dickerson*, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." 816 F.2d at 225.

In his response to the motion to dismiss, Michel asserts that he "has exhausted available remedies of Speedy Trial"; however, he provides no documentation nor cites to any state court proceeding to confirm this statement. Doc. [13] at 3. In fact the only exhibit attached to his response confirms that no such exhaustion has occurred. Doc. [13-1]. The Pearl River County Sheriff's Office informed officials at the Rayburn Correctional Center that Michel is under a detainer for an unserved indictment and that he should contact his lawyer to discuss the matter with the Pearl River County District Attorney's office. Doc. [13-1] at 4. It does appear that Michel communicated with the Pearl River County Sheriff's Office regarding the detainer and that he pursued the prison's grievance program. *See* Doc. [13-1] at 4; Doc. [9-6] at 2-8. While this might constitute exhaustion of the prison's administrative remedies, it does not satisfy the

exhaustion of state court remedies.  The only state court pleading provided by Michel is a motion in which he requests records relating to the indictment in Pearl River County.  Doc. [9-1] at 2-4.  Even this pleading does not possess either a docket number or a file stamp.  Nevertheless, as previously explained, the United States District Court in Louisiana already held that his request for documents from Mississippi authorities is not a basis for federal habeas relief.  *See* Doc. [4] at 2 & n.2; Doc. [6] at 3-4.  Counsel for Respondent represents that she contacted the Pearl River County Clerk's Office who confirmed that no pleadings had been filed in that court regarding the charges pending against Michel.  Doc. [12] at 4-5.  Based on the foregoing, the undersigned concludes that Michel has not exhausted state court remedies with respect to the claims in his petition.

## RECOMMENDATION

The undersigned recommends that Respondent's [12] Motion to Dismiss be GRANTED and that Michel's petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 6th day of April, 2015.

                                      /s/ *Robert H. Walker*
                                      ROBERT H. WALKER
                                      UNITED STATES MAGISTRATE JUDGE