# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LOUIS MICHEL**                                                               **PETITIONER**

v.                                                             **CAUSE NO. 1:14CV339-LG-RHW**

**ROBERT TANNER and JIM HOOD**                          **RESPONDENTS**

## ORDER ADOPTING IN PART AND MODIFYING IN PART PROPOSED FINDINGS OF FACT AND RECOMMENDATION

BEFORE THE COURT is the [15] Proposed Findings of Fact and Recommendation filed by United States Magistrate Judge Robert H. Walker, regarding the [1] Petition for Writ of Habeas Corpus filed by Louis Michel. Magistrate Judge Walker determined that the [12] Motion to Dismiss filed by Respondents Robert Tanner and Jim Hood should be granted and Michel's Petition should be dismissed. The Court, having conducted the required review, agrees, and is of the opinion that Michel is not entitled to federal habeas corpus relief and that this action should be dismissed. The Court finds that Magistrate Walker's findings should be adopted in part and modified in part as discussed herein.

### BACKGROUND AND PROCEDURAL HISTORY

Michel is currently incarcerated in the State of Louisiana, with a detainer pending against him by the Circuit Court of Pearl River County, Mississippi, with respect to burglary charges against him in that County. Michel originally filed his Petition in the United States District Court for the Eastern District of Louisiana, which then transferred the Petition to this District on the ground that it concerned a Mississippi detainer. Respondents thereafter filed a Motion to Dismiss the

Petition on October 14, 2014, to which Michel responded on November 3, 2014.

On April 6, 2015, Magistrate Walker issued his Proposed Findings of Fact and Recommendation. Magistrate Walker informed Michel that any written objections to the Findings of Fact and Recommendation should be filed within fourteen days, or by April 20, 2015. Michel's Objection was not postmarked until April 22, 2015, but the Court has exercised its discretion to consider the untimely Objection and has reviewed the objected-to portions of the Findings of Fact and Recommendation *de novo*. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991).

Moreover, Michel's Objection includes exhibits that were never presented to Magistrate Walker, but which the Court has nevertheless considered. *See, e.g.*, *Briggs v. Prince*, No. 12-0624, 2014 WL 3828677, at *5 (E.D. La. Aug. 4, 2014) ("When a party presents evidence for the first time in his objections to the Magistrate Judge's Report and Recommendation, it is within the district court's discretion to consider the new evidence.") (citing *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)). The new exhibits include a February 2015 Order of the Mississippi state court appointing counsel to Michel in the burglary proceeding. That Order states that should Michel be denied his anticipated early release date from the Louisiana Department of Corrections "in June 2015 and not be turned over to the State of Mississippi at that time, the District Attorney shall take reasonable

2

steps to effect extradition for the limited purpose of standing trial." (*See* ECF No. 17-5).

The new exhibits also include a Motion to Dismiss filed by Michel less than two months ago, on March 6, 2015, in the state court proceeding. In that Motion, Michel argues that the state court action should be dismissed because the time limitation for the institution of prosecution against him has expired. There is nothing in the record to indicate that the Mississippi state court has ruled on the Motion.

## DISCUSSION

Michel challenges Magistrate Walker's factual finding "that Michel has not yet been arrested on the burglary charges" against him. (*See* Findings of Fact and Rec. 1, ECF No. 15). The evidence actually before Magistrate Walker did, in fact, indicate that no arrest was made. Based on the new evidence Michel has submitted, though, the Court will modify Magistrate Walker's findings to reflect that Michel was arrested in Mississippi, released on bond in Mississippi, and then arrested and subsequently incarcerated in Louisiana. This modification does not affect the Court's ultimate determination that Michel is not entitled to relief in this action.

Magistrate Walker further found that to the extent Michel sought "to have the charges dismissed against him based on a speedy trial claim, this claim is without merit." (*See id.* at 2). Michel now contends that he is not making a speedy trial claim, but states that he wants this Court to order the state court "to resolve

3

the Detainer in question" and for the Detainer to be dismissed. (*See* Obj. 4, ECF No. 17). He does not challenge Magistrate Walker's legal findings except for Magistrate Walker's refusal to order the state court to dismiss the Detainer.

Because he was a pretrial detainee at the time of filing with respect to the Mississippi charges, Michel's Petition for federal habeas relief as to those charges is governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Regardless of how Michel now characterizes his claim, the Court agrees with the Magistrate Judge that "[b]y requesting that the detainer be dismissed, Michel in effect is requesting that the charges against him be dismissed." (*See* Findings of Fact and Rec. 2, ECF No. 15).

The Court further agrees that such a request to have the charges against him dismissed is not attainable through § 2241. (*See id.*); *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). Rather, Michel's Motion to Dismiss will be ruled upon by the state court, and, if Michel is still dissatisfied, he must then exhaust his state court remedies before requesting relief from a federal court. *See Dickerson*, 816 F.2d at 225 (while § "2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state court procedures available to the petitioner"); *see also, e.g.*, *Durham v. Byrd*, No. 1:08cv345-HSO-

4

JMR, 2009 WL 367285, at *4 (S.D. Miss. Feb. 10, 2009).

Accordingly, after having conducted a *de novo* review of the objected-to portions of the Proposed Findings of Fact and Recommendation of Magistrate Walker, including consideration of the new evidence submitted by Michel, the Court agrees with the Magistrate Judge that the Motion to Dismiss filed by Respondents should be granted and that Michel's Petition should be dismissed. As to those portions of Magistrate Walker's findings to which no objection has been made, the Court has reviewed the Proposed Findings of Fact and Recommendation and determined that they are neither clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause on April 6, 2015, should be, and hereby is, adopted in part and modified in part as the findings of this Court, as discussed herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [12] Motion to Dismiss filed by Respondents Robert Tanner and Jim Hood is **GRANTED**, and that the [1] Petition for Writ of Habeas Corpus filed by Louis Michel is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 8th day of May, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

5